1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRIAN L. BROWN,                              No.  2:13-cv-1406 TLN CKD P

12                      Petitioner,

13          v.                                     FINDINGS AND RECOMMENDATIONS

14    GARY SWARTHOUT,

15                      Respondent.

16

17          Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for

18    writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This case proceeds on the petition filed July

19    15, 2013.  (ECF No. 1 ("Ptn.").)  Before the court is respondent's October 17, 2013 motion to

20    dismiss the petition for failure to state a cognizable federal habeas claim.  (ECF No. 9.)  Petitioner

21    has filed an opposition to the motion (ECF No. 11), and respondent has filed a reply (ECF No

22    12).  For the reasons set forth below, the court will recommend that respondent's motion be

23    granted.

24                                    BACKGROUND

25          In November 2004, following a jury trial in the Riverside County Superior Court,

26    petitioner was convicted of possession of cocaine for sale (Case No. RIF103566).  In February

27    2005, he was sentenced to a state prison term of 11 years.  (Ptn. at 1-2.)  At that time petitioner

28    was also consecutively sentenced pursuant to another conviction (Case No. RIF117032), for a

                                             1

1   total state prison term of 13 years and 8 months.  (Id. at 13.[1])  Correctional officials calculated

2   petitioner's post-sentence credits under applicable state law, resulting in an earliest possible

3   release date of 2016.  (Id.)

4       In April 2012, petitioner filed a petition for writ of habeas corpus in the Kings County

5   Superior Court, claiming that correctional officials miscalculated his post-sentence credits with

6   respect to his possession conviction (Case No. RIF103566) in February 2005.  The superior court

7   denied the petition, citing In re Reeves, 35 Cal. 4th 765, 772-773 (2005).  (Ptn. at 21-24.)

8       Petitioner subsequently filed petitions for writs of habeas corpus in the state court of

9   appeal and supreme court; both were denied.  (Id. at 29-31.)  In its decision, the state court of

10  appeal briefly stated its reason for denying the petition as follows:

11          Petitioner fails to demonstrate the prison miscalculated his earliest
            possible release date under Penal Code section 2933.1, which
12          became effective on September 21, 1994, prior to petitioner's
            offenses.
13

14  (Id. at 29.)  California Penal Code § 2933.1 provides that persons convicted of certain felonies

15  "shall accrue no more than 15 percent of worktime credit."  In Reeves, the California Supreme

16  Court interpreted § 2933.1 as it applied to concurrent sentences.  Reeves was decided in May

17  2005, after petitioner was sentenced.

18      In this federal habeas action, petitioner asserts that he was denied post-sentence credits in

19  violation of the ex post facto clause, as the superior court relied on Reeves to uphold CDCR's

20  erroneous credit calculation.  (See also ECF No. 11 at 2 (petitioner's ex post facto claim is based

21  on the superior court's decision, citing Reeves).)  Petitioner asserts that CDCR's error in

22  calculating his credits "occurred on February 22, 2005[,] and the state courts should have applied

23  the law [in effect] at that time."  (Ptn. at 18.)

24                              ANALYSIS

25      In his motion to dismiss, respondent argues that petitioner fails to state a cognizable

26  federal habeas claim in alleging that "the application of a post-conviction state court case

27  _____

28  [1] Record citations refer to page numbers assigned by the court's docketing system.

1    clarifying the scope of [§ 2933.1] constitutes an ex post facto violation."  (ECF No. 9 at 3.)

2          Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for

3    summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and

4    any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Thus the

5    court considers whether summary dismissal is appropriate under applicable law as set forth

6    below.

7    I.  AEDPA

8          The statutory limitations of federal courts' power to issue habeas corpus relief for persons

9    in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective

10   Death Penalty Act of 1996 (AEDPA).  The text of § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

18   The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable

19   nature of the state court decision in light of controlling Supreme Court authority.  Woodford v.

20   Viscotti, 537 U.S. 19 (2002).

21         Here, insofar as petitioner asserts that state courts and/or correctional officials misapplied

22   California Penal Code § 2933.1, his claim is not cognizable under AEDPA.  "[F]ederal habeas

23   corpus relief does not lie for errors of state law."  Estelle v. McGuire, 502 U.S. 62, 67 (1991).

24   The state courts' interpretation of state law, including one announced on direct appeal of the

25   challenged conviction, binds a federal habeas court.  See Bradshaw v. Richey, 546 U.S. 74, 77

26   (2005); Hicks v. Feiock, 485 U.S. 624, 629 (1988).

27   /////

28   /////

3

1    II. <u>Ex Post Facto</u>

2          The Constitution's ex post facto prohibition forbids Congress and the states from enacting

3    any law "which imposes a punishment for an act which was not punishable at the time it was

4    committed; or imposes additional punishment to that then prescribed." <u>Weaver v. Graham</u>, 450

5    U.S. 24, 28 (1981); <u>Collins v. Youngblood</u>, 497 U.S. 37, 42 (1990).  The United States Supreme

6    Court has held that the clause "is a limitation on the powers of the Legislature, and does not of its

7    own force apply to the judicial branch of government." <u>Rogers v. Tennessee</u>, 532 U.S. 451, 456

8    (2001), citing <u>Marks v. United States</u>, 430 U.S. 188, 191 (1977) (internal citations omitted).  Thus

9    the state court's application of <u>Reeves</u> cannot constitute an ex post facto violation.

10          However, the United States Supreme Court "has extended similar principles to the Due

11   Process Clause to cover 'unforeseeable [judicial] construction of a criminal statute,'" <u>United</u>

12   <u>States v. Dupas</u>, 419 F.3d 916, 920 n. 3 (9th Cir. 2005) (quoting <u>Bouie v. City of Columbia</u>, 378

13   U.S. 347, 354–55 (1964)).  The Supreme Court has "observed . . . that limitations on ex post facto

14   judicial decisionmaking are inherent in the notion of due process." <u>Rogers</u>, 532 U.S. at 456.  In

15   other words, a judicial decision that has an ex post facto effect can give rise to a "valid due

16   process claim." <u>U.S. v. Marcus</u>, 560 U.S. 258, 264 (2010).  <u>But see</u> <u>Metrish v. Lancaster</u>, 133 S.

17   Ct. 1781, 1784 (2013) (rejecting due process challenge to retroactive application of state supreme

18   court's construction of statute concerning the insanity defense in criminal cases).

19          Circuit courts disagree on the scope of what due process prohibits under <u>Bouie</u>.  A treatise

20   states:

21          The majority of courts have concluded that <u>Bouie</u> applies in the
             sentencing context —including a "judicial interpretation of a statute
22           that increases [a defendant's] punishment from life to death[]" . .
             .— although changes that do not alter the nature of the conduct for
23           which defendant was convicted nor the range of punishment he
             faced do not violate the Due Process Clause.  On the other hand, the
24           First and Ninth Circuits have refused to apply <u>Bouie</u> to situations
             involving sentencing in non-capital cases.  These courts have
25           reasoned that the principle underlying <u>Bouie</u> is that due process
             forbids the imposition of criminal penalties against a defendant who
26           had no fair warning that his conduct violated the law.

27   Brian R. Means, <u>Postconviction Remedies</u> § 41:3 (July 2013) (citations omitted).

28   /////

                                              4

1    In the Ninth Circuit, the unforeseeable construction doctrine only applies where a judicial

2  decision "enlarge[s] the scope of criminal liability." United States v. Newman, 203 F.3d 700,

3  702–03 (9th Cir. 2000). Where a judicial decision merely "interprets a . . . statute concerning the

4  calculation of the length of a term of imprisonment without reference to the issue of the

5  defendant's criminal liability . . . the due process concerns raised by Bouie are inapplicable." Id.

6  at 703 (holding no due process or ex post facto violation occurred in applying a Ninth Circuit

7  opinion denying credit for time spent pre-trial in residential drug treatment even though credit

8  was available under Ninth Circuit precedent at the time the petitioner participated in the drug

9  treatment program); see also Dupas, 419 F.3d 916, 920–21 (9th Cir. 2005).

10    In Reeves, the California Supreme Court did not criminalize past conduct; it simply

11  interpreted § 2933.1, which was in existence when petitioner was convicted and sentenced.

12  Under Ninth Circuit law, the state courts' construction of this sentencing statute did not violate

13  due process or the ex post facto clause. See Newman, 203 F.3d at 702–03; Dupas, 419 F.3d at

14  921.

15    Because the United States Supreme Court has not adopted the view that the

16  "unforeseeable" judicial interpretation of a sentencing statute can violate due process under

17  Bouie, the state courts' denial of petitioner's claim was not contrary to, or an unreasonable

18  application of, clearly established Supreme Court precedent. See Moses v. Payne, 555 F.3d 742,

19  758–59 (9th Cir. 2009) (where the United States Supreme Court has "not squarely addressed" a

20  particular issue, there is not a clearly established "controlling legal standard," and the state courts'

21  decisions denying habeas relief cannot be contrary to or unreasonable applications of clearly

22  established Supreme Court precedent).

23    The undersigned therefore concludes that summary dismissal of the petition under Rule 4

24  is appropriate.

25    Accordingly, IT IS HEREBY RECOMMENDED THAT:

26    1. Respondent's motion to dismiss the petition pursuant to Rule 4 (ECF No. 9) be

27  granted; and

28    2. This case be closed.

5

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3    after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

6    may address whether a certificate of appealability should issue in the event he files an appeal of

7    the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

8    court must issue or deny a certificate of appealability when it enters a final order adverse to the

9    applicant).  The parties are advised that failure to file objections within the specified time may

10   waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

11   1991).

12   Dated:  March 20, 2014

13   _____
     CAROLYN K. DELANEY

14   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20   2 / brow1406.mtd

21

22

23

24

25

26

27

28

6